UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 4:19-CR-00116-JMB |
| KENNETH A. GROOMS, II | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jennifer A. Winfield, Assistant United States Attorney for said District, and files its response to defendant's Motion to Modify Conditions of Pretrial Release. For its response, the Government states the following:

1. The defendant is employed as a police officer with the St. Louis Metropolitan Police Department ("SLMPD").

2. On February 13, 2019, the defendant was charged with a misdemeanor civil rights violation pursuant to Title 18 U.S.C. § 242.

3. On February 19, 2019, the defendant was arrested and the United States Pretrial Office prepared a bail report.  The Pretrial officer recommended a personal recognizance bond, along with several conditions to reasonably assure the defendant's appearance and the safety of the community. The government did not seek detention in this matter.

4. Following, the defendant appeared before this Honorable Court, and he was released on a bond with several standard conditions, and some additional conditions. (Doc. 7)

5. One of the additional bond conditions was: (7)(k) that the defendant not possess a firearm, destructive device, or other weapon.  The defendant was not required to participate in any of the location restriction programs.

6. The defendant made no objection to any of the bond conditions imposed by this Court at the time of his release.

7. On February 27, 2019, the defendant was arraigned and made an oral motion to remove the bond condition that he not possess a firearm. The basis for this motion was that because he is a SLMPD officer and his case has been publicized, he and his family are vulnerable to those who may desire to harm them. However, the defendant did not provide any case law to support his motion, nor did he proffer any instance where the defendant or his family had been threatened with harm by any individual after the filing of the instant charge.

8. On that same day, the defendant filed a written motion regarding modification of his bond, specifically requesting that he be allowed to retain his firearm in order to protect his family and defend himself.

9. The defendant is still employed by the SLMPD and he is currently on administrative duty, i.e. non-patrol duty. Therefore, as the defendant is not patrolling St. Louis City, he has no need for his gun, as during his shift he sits at a desk in the SLMPD communications department.

10. Title 18 U.S.C. §3142(g) provides that in imposing conditions of pretrial release, the court may consider the nature and circumstances of the offense charged and the weight of the evidence against the person.

11. Title 18 U.S.C. §3142(c)(1)(B) provides that if the defendant is not detained pending trial, the judicial officer shall order the pretrial release of the defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." The conditions may include that the defendant refrain from possessing a firearm, destructive device, or other dangerous weapon. Title 18 U.S.C. §3142(c)(1)(B)(viii).

12. If the Court orders a hearing in this matter pursuant to 18 U.S.C.§3142(c)(3) to reconsider the imposition of the firearms condition, the information the defendant has presented does not have a material bearing on his need to possess a firearm considering the current charge. The information as outlined in defendant's motion does not constitute "truly changed circumstances, something unexpected, or a significant event," which would support the defendant being allowed to walk around with a weapon while he has a federal charge pending against him involving his violation of a citizen's civil rights.

13. The Government is prepared to present evidence of the victim's fear of the defendant and the defendant's current access to computer databases and investigative processes, which might allow the defendant opportunities to find the victim. In addition, the Government is prepared to present evidence that during the instant offense, after the defendant seized the victim, arrested him, and removed him from the vicinity of any witnesses, the defendant berated the victim while the defendant's hand was on his gun during the incident. This evidence would tend to establish a genuine concern for the safety of the victim, thus justifying the present restriction on the defendant's possession of firearms.

WHEREFORE, as the aforementioned bond condition was imposed in order to assure the safety of the victim and members of the community, the Court should deny the Defendant's motion to modify his conditions of bond, or in the alternative hold a hearing prior to ruling.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

  */s/   Jennifer A. Winfield*
JENNIFER A. WINFIELD, #53350MO
Assistant United States Attorney
111 S. Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

### CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

  */s/Jennifer A. Winfield*
JENNIFER A. WINFIELD, #53350MO
Assistant United States Attorney