UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:19-CR-00116-JMB |
| vs. ) | |
| ) | |
| **KENNETH A. GROOMS, II**, ) | |
| ) | |
| Defendant. ) | |

### REPLY IN SUPPORT OF MOTION TO MODIFY
### CONDITIONS OF DEFENDANT'S BOND

COMES NOW Defendant Kenneth A. Grooms, by and through his Counsel, Luke A. Baumstark of the Baumstark Firm, LLC, and for his Reply in Support of his Motion to Modify the Conditions of his Bond, states:

1. In the Government's Response in Opposition to Defendant's Motion to Modify Conditions of Pretrial Release ("Government's Opposition"), the Government provides no reasonable basis to believe that Defendant Grooms poses any threat to the alleged victim.

2. Indeed, the harshest conduct alleged by the Government is *berating* the alleged victim, while supposedly having his hand on his gun.[1]

3. Notably, the Government does not allege that the Defendant released the strap which keeps his gun holstered, or that he pressed either of the buttons that he would need to in order to remove the gun from its holster. In short, the Government's allegation, even if true, does not show Defendant taking any affirmative steps toward using his gun, or even attempting to do so.

---

[1] The Government's use of the term "berate" is notable in that it is absent from the terms appearing as a synonym for "threaten." *See e.g.* ROGET'S II THE NEW THESAURUS 88, 952 (1980). Indeed, the term "berate" has been defined as "to scold or rebuke severely." *See e.g.* WEBSTER'S NEW WORLD COLLEGE DICTIONARY 136 (4th ed. 1999). This definition is conspicuously bereft of any suggestion of violence.

1

4. The Government expresses concern over Defendant using "computer databases and investigative processes, which might allow [him] opportunities to find the [alleged] victim."

5. Even if Defendant posed any threat at all to the alleged victim (which he does not) and was inclined to misuse the St. Louis Metropolitan Police Department's resources thusly (which he is not), doing so would require knowing alleged victim's name, which Defendant does not,[2] owing (at least in part) to the Government's thorough redaction of discovery materials.

6. Finally, the Government claims that there has been no "truly changed circumstances" (a standard which it implies, but for which it provides no authority or citation) warranting a change in Defendant's bond conditions.

7. As noted in Defendant's Motion, the filing of the Government's Information against him has generated significant press coverage, which has continued to proliferate through social media since Defendant's initial appearance.

8. Moreover, since filing his Motion, this media attention has continued, with additional coverage by the Riverfront Times.

9. Significantly, Defendant has also been contacted on social media by an individual unknown to him who sent messages reading "Oh, but you're so tough.  No gun for you, punk."[3]

10. In short, the Government has presented no allegations that Defendant poses any kind of a credible threat to the alleged victim.  Further, publicization of the charges against

---

[2] Defendant's ignorance of the identity of the alleged victim is a fact of which the Government is aware.  Defendant has stated in interviews with Government agents that he does not know who the alleged victim is.  None of the discovery materials presented by the Government contradict this.

[3] Counsel for Defendant can produce a screenshot of this contact upon request and anticipates doing so at the hearing on his Motion.  Defendant has not done so here out of concern for the privacy of this individual, despite this individual's obvious lack of any concern for Defendant's privacy.

Defendant[4] have already resulted in unwanted and potentially threatening contact from an individual unknown to Defendant.

11.     Because Defendant poses no risk to the alleged victim in this case, restricting Defendant's constitutional right to bear arms does not represent the "least restrictive further condition or combination of conditions" that will assure Defendant's appearance in Court or the safety of anyone in the community.  *See* 18 U.S.C. § 3142.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order granting his Motion to Modify the Conditions of his Bond and modifying the conditions of his bond to eliminate condition 7(k), thereby allowing Defendant to continue to provide protection and security to himself and his family as he prepares his defense.

Respectfully submitted,

*/s/ Luke A. Baumstark*
LUKE A. BAUMSTARK #56344
The Baumstark Firm, LLC
815 Geyer Avenue
St. Louis, MO  63104
(314) 492-6290
(314) 492-6348 FAX
luke@baumstarkfirm.com

***Attorney for Defendant***
***Kenneth A. Grooms, II***

---

[4] Defendant notes that the Department of Justice issues a press release regarding its charges against him, in addition to the news outlets mentioned in his Motion.

3

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 12th day of March, 2019, this document was filed with the court via the CM/ECF system which will send notice to all parties of record.

                                                                                           /s/ Luke A. Baumstark