UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | )   No.  4:19-CR-00116 CDP |
| KENNETH A. GROOMS II, | ) |
| Defendant. | ) |

MOTION IN LIMINE AS TO TESTIMONY OF ERIC BARTLETT

COMES NOW the United States of America, by Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Reginald L. Harris and Jennifer A. Winfield, Assistant United States Attorneys for said District, and for its motion in limine as to the anticipated testimony of Eric Bartlett, states as follows:

The Government anticipates that the defense will call Eric Bartlett to testify in the trial of this matter and will attempt to introduce inadmissible testimony from Bartlett.  The Government anticipates that if called, Bartlett will testify that he was a Sergeant with the St. Louis Metropolitan Police Department in the 5th District on the day of the incident that gave rise to the charges in this matter.  The Government anticipates that Bartlett intends to testify that on May 5, 2018, he had a conversation with the defendant at the police station, wherein the defendant described what transpired earlier that day between the defendant, the defendant's girlfriend, and the victim.  The Government anticipates that if permitted to testify, Bartlett intends to opine that, based on what the defendant told him about the encounter, the defendant's conduct toward the victim was reasonable.

**Defendant's Alleged Statements to Bartlett are Inadmissible Hearsay.**

Testimony about what the defendant told Bartlett is inadmissible under the Federal Rules of Evidence in that the testimony would be hearsay and would not fall within any exceptions to the hearsay rule.  Rule 802 of the Federal Rules of Evidence forbids hearsay from being admitted at trial unless an exception applies.  Fed.R.Evid. 802.  Rule 801 defines hearsay as an out-of-court statement that is offered to prove the truth of the matter asserted.  Fed.R.Evid. 801(c); United States v. Chard, 115 F.3d 631, 635 (8th Cir. 1997).  A statement that is offered *against* an opposing party is not considered hearsay under the Federal Rules of Evidence.  Fed.R.Evid. 801(d)(2); Old Chief v. United States, 519 U.S. 172, 186 (1997) ("[A] defendant's admission is, of course, good evidence.").  However, this non-hearsay rule does not extend to a party's attempt to introduce his own out-of-court statements in his own favor.  See United States v. Waters, 194 F.3d 926, 931 (8th Cir. 1999) (holding that exculpatory out-of-court statements offered for their truth by a defendant are hearsay).  Bartlett's account of what the defendant allegedly told him at the police station, if offered by the defendant, fits squarely within the definition of hearsay.  Id. Since no exception applies to this particular testimony, it is inadmissible.

**Bartlett's Opinion about the Defendant's Conduct Should Be Excluded.**

Furthermore, Bartlett should not be allowed to testify as to his opinion regarding the reasonableness of the defendant's conduct.  Such testimony invades the province of the jury in that it improperly draws a conclusion for the jury on an ultimate issue in the case.  See Lee v. Andersen, 616 F.3d 803, 809 (8th Cir. 2010) ("Opinions that merely tell the jury what result to reach are not admissible."); Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995) (finding that the trial court abused its discretion by allowing expert's opinion concerning the

reasonableness of officer's conduct because opinion was a statement of a legal conclusion); United States v. Brown, 871 F.3d 532, 539 (7th Cir. 2017) (holding expert testimony inadmissible in excessive force prosecution where expert planned to opine that police officer acted reasonably under the circumstances); Thompson v. City of Chicago, 472 F.3d 444, 457 (7th Cir. 2006) (affirming exclusion of police sergeant's expert testimony about the reasonableness of defendant police officer's conduct).  Bartlett's opinion as to the reasonableness of the defendant's conduct also is problematic because it is based predominantly on what the defendant told him.  In other words, Bartlett's opinion is based on inadmissible exculpatory hearsay.  See Brown, 871 F.3d at 539 (noting the expert's planned opinion was based in part on exculpatory statements defendant made to expert in an interview); United States v. White Horse, 316 F.3d 769, 775 (8th Cir. 2003) (holding that defendant's statements to psychologist during clinical interview and mental status examination were inadmissible hearsay).

      For the foregoing reasons, this Court should exclude any testimony by Eric Bartlett, offered by the defense, about what the defendant said to Bartlett, and exclude Bartlett's opinion as to the reasonableness of the defendant's conduct.

      Respectfully submitted,

      JEFFREY B. JENSEN
      United States Attorney

      */s/ Reginald L. Harris*
      REGINALD L. HARRIS, #48939MO
      JENNIFER A. WINFIELD, #53350MO
      Assistant United States Attorneys
      111 S. 10th Street, Room 20.333
      St. Louis, Missouri  63102
      (314) 539-2200

CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

>  */s/ Reginald L. Harris*
>  REGINALD L. HARRIS, #48939MO
>  Assistant United States Attorney