UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:19-CR-00116-CDP |
| vs. ) | |
| ) | |
| **KENNETH A. GROOMS, II**, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTIONS IN LIMINE

COMES NOW Defendant Kenneth A. Grooms, II, by and through his counsel, Luke A. Baumstark of The Baumstark Firm, LLC, and, for his Motions in Limine, states:

I. Government's Video of Defendant's Alleged Travel Route

Defendant anticipates that the Government will attempt to into introduce evidence a video recording that purports to be of a federal agent following coordinates supplied by Defendant's cellular phone provider that supposedly shows the route that Defendant followed in responding to the scene of the alleged crime and in driving around the area. Such evidence should be excluded in that it lacks the proper foundation and will be far more prejudicial than it would be probative.

Before the jury can hear evidence relating to the use of coordinates allegedly corresponding to the use of a Global Positioning System ("GPS"), it and/or the Court must hear evidence establishing the reliability of such a system. This evidence must describe how it is that such a system functions, as well as how accurate such a system supposedly is. The Government has endorsed no witnesses qualified to offer such testimony.

Further, during the video in question, the camera operator steps out of his/her

1

vehicle and points the camera directly where the alleged victim claims that Defendant was facing, rather than where the Defendant has stated he was (which is in the opposite direction), for an extended period of time. No foundation has been laid to suggest that the GPS at issue is capable of discerning in which direction an individual was facing when at a given location, and the Government has endorsed no witnesses qualified to offer such testimony. Accordingly, the video at issue is likely to confuse the jury by appearing to offer an authoritative account of where the Defendant was looking, which bears directly on whether the alleged victim's testimony is to be believed, without any indicia of reliability.

Accordingly, the Government's video as described above should be excluded pursuant to Federal Rules of Evidence 403 and 702.

II. <u>Reference to Police Misconduct and/or to Criminal Charges, Past or Present, Brought Against Other Members of The St. Louis Metropolitan Police Department, or Police Officers Generally</u>

Defendant anticipates that the Government may refer to prosecutions of other police officers, some of whom may be employed by the St. Louis Metropolitan Police Department. Whether recent or in the past, and regardless of whether the instances referred to involve the St. Louis Metropolitan Police Department, cases alleging police misconduct against individuals other than Defendant have no bearing on the allegations against him. If permitted, such comments or references would run a substantial risk of enflaming the passions of the jury, while offering little to nothing of evidentiary value. Accordingly, any reference to, comments regarding, or comparisons to unrelated instances of alleged police misconduct (particularly those involving the St. Louis Metropolitan Police Department) should be excluded pursuant to Rule 403 of the Federal Rules of Evidence.

2

III.     Opinion Testimony from The Government's Witnesses Regarding Whether Defendant's Actions Violated the Alleged Victim's Constitutional Rights

Defendant anticipates that the Government may attempt to elicit testimony from at least one of its witnesses as to whether he believes that Defendant's actions were reasonable and/or violated the alleged victim's civil rights.  Such testimony would amount to the interpretation of law and/or fact would therefore invade the province of the Court and/or the Jury.  The Government has endorsed no witnesses other than the alleged victim himself who purport to have observed everything that transpired between the alleged victim and Defendant and has provided no basis to believe that the alleged victim would be qualified to offer opinions regarding matters of constitutional law.  Accordingly, such evidence, in addition to invading the province of the Court and/or the jury, would be speculative.  Admitting it would therefore be far more prejudicial than it would be probative, and such evidence should therefore be excluded pursuant to Rule 403 of the Federal Rules of Evidence.

WHEREFORE, Defendant Grooms requests that this Court enter an Order granting each of his Motions in Limine enumerated above and prohibiting the Government from engaging in the actions described therein, and for such other and further relief as is deemed appropriate under the circumstances.

Respectfully submitted,

*/s/ Luke A. Baumstark*
LUKE A. BAUMSTARK #56344
The Baumstark Firm, LLC
815 Geyer Avenue
St. Louis, MO  63104
(314) 492-6290
(314) 492-6348 FAX
luke@baumstarkfirm.com

***Attorney for Defendant***
***Kenneth A. Grooms, II***

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July, 2019, I filed the foregoing in the above mentioned action with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Luke A. Baumstark*