UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No.  4:19-CR-00116 CDP |
| KENNETH A. GROOMS II, | ) ) |
| Defendant. | ) ) ) |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE

COMES NOW the United States of America, by Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Reginald L. Harris and Jennifer A. Winfield, Assistant United States Attorneys for said District, and for its response to defendant's motions in limine (Document #43), states as follows:

I.    Video of Travel Route

The Government opposes the defendant's motion in limine to exclude evidence of a video recording created by the FBI.  In this case, the Government intends to introduce evidence that after the defendant handcuffed the victim in the restaurant parking lot and placed him in the defendant's police SUV, the defendant drove the victim to a nearby alley using a certain route, and drove in a manner that caused the victim to be tossed around inside the SUV.  FBI special agents created a video recording depicting the route that the defendant used when he drove the victim to the alley and back to the parking lot.

The video recording is admissible as demonstrative evidence.  The Eighth Circuit has stated that, "Demonstrative exhibits may be admitted, at the trial court's discretion, as

'educational tool[s] for the jury.'" United States v. Two Elk, 536 F.3d 890, 905 (8th Cir. 2008) (quoting Wipf v. Kowalski, 519 F.3d 380, 387 (7th Cir. 2008)).  See also Randall v. Warnaco, Inc., 677 F.2d 1226, 1233-34 (8th Cir. 1982) ("A court may properly admit experimental evidence if the tests were conducted under conditions substantially similar to the actual conditions.  Admissibility, however, does not depend on perfect identity between actual and experimental conditions.  Ordinarily, dissimilarities affect the weight of the evidence, not its admissibility."); Persian Galleries v. Transcontinental Ins., 38 F.3d 253, 258 (6th Cir. 1994) (affirming admission of videotaped reenactment of alleged theft).  The video recording in this case would be probative evidence in that it tends to show the circumstances of the defendant's seizure of the victim and would assist the jury in its determination of whether the seizure was reasonable.

  The defendant argues that the video lacks proper foundation.  Rule 901 of the Federal Rules of Evidence requires that for an item to be admissible the proponent of the item "must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed.R.Evid. 901(a).  Evidence that satisfies this requirement includes testimony by a witness with knowledge "that an item is what it is claimed to be."  Fed.R.Evid. 901(b)(1); Two Elk, 536 F.3d at 905 (medical experts properly authenticated photographs as accurate depictions of normal anatomical parts).  In this case, the video recording can be properly authenticated through the testimony of a special agent who created the recording as well as through the victim, who will testify that the video adequately depicts the route of the SUV in which he was riding.

  The video in this case also traces the route of the police SUV that the defendant was driving as captured by a Global Positioning System ("GPS") device installed on the SUV.  The

2

defendant argues that the Government must establish the reliability of the GPS under Rule 702 of the Federal Rules of Evidence, which sets forth the parameters for the admissibility of expert testimony.  However, the Eighth Circuit has already found that expert testimony was not necessary for the admission of GPS data.  United States v. Brooks, 715 F.3d 1069, 1078 (8th Cir. 2013).  In Brooks, the Eighth Circuit upheld the trial court's taking of judicial notice that GPS technology is sufficiently reliable to satisfy Rule 702, stating:

> We cannot conclude that the district court abused its discretion in taking judicial notice of the accuracy and reliability of GPS technology.  Commercial GPS units are widely available, and most modern cell phones have GPS tracking capabilities.  Courts routinely rely on GPS technology to supervise individuals on probation or supervised release, and, in assessing the Fourth Amendment constraints associated with GPS tracking, courts generally have assumed the technology's accuracy.

Id.  See also United States v. Espinal-Almeida, 699 F.3d 588, 612-13 (1st Cir. 2012) ("The issues surrounding the processes employed by the GPS and software, and their accuracy, were not so scientifically or technologically grounded that expert testimony was required to authenticate the evidence ….").  Similarly, expert testimony is not required for the admissibility of GPS evidence in this case.

Courts have allowed GPS evidence to be admitted through the testimony of a lay witness with sufficient background to lay a proper foundation for the admission of the evidence.  Brooks, 715 F.3d at 1078-79 (account executive with victim credit union's security company); Espinal-Almeida, 699 F.3d at 612-13 (Customs forensic scientist who retrieved and analyzed GPS data).  In this case, the Government intends to call a witness employed as a systems analyst in the information technology department of the St. Louis Metropolitan Police Department ("SLMPD") who will testify as to her knowledge and experience with the GPS devices installed in SLMPD

3

patrol vehicles and the data generated therefrom.  This testimony will lay a sufficient foundation for admission of the GPS data that traces the route the defendant took when he drove the victim away from the restaurant parking lot.

Finally, the defendant claims that the video is likely to confuse the jury and therefore should be excluded pursuant to Rule 403.  Specifically, the defendant argues that the video would purport to show where the defendant was looking even though no foundation would have been laid that the GPS data is capable of discerning which way a person is facing.  This argument fundamentally misses the point of GPS data.  Again, the data will be introduced to track the movement of the police SUV in order to establish the route that the defendant took.  There is nothing confusing about that.  No witness will offer testimony that the GPS coordinates show which direction the defendant was looking when he exited the SUV, and it is not likely that a jury will believe that the GPS data is being used for that purpose.  Accordingly, the video should not be excluded under Rule 403.

For all the foregoing reasons, this Court should deny the defendant's motion in limine to exclude the video.

II.    References to Police Misconduct

It is unclear why the defendant believes that the Government may refer to prosecutions of other police officers and other members of the SLMPD or to other unrelated police misconduct in general.  The Government has given the defense no indication that it intends to introduce any such evidence at trial in this case and in fact does not intend to introduce such evidence.  Therefore, the defendant's motion in limine should be denied as moot.

      III.      <u>Opinion Testimony Regarding Whether Defendant Violated Victim's Rights</u>

The defendant seeks exclusion of an unnamed Government witness's anticipated testimony as to whether the witness believes that the defendant violated the victim's civil rights. The Government does not know what witness the defendant may be referring to. In any event, the Government does not intend to elicit testimony from any witness on the ultimate issue of whether the defendant's conduct was reasonable under the circumstances or whether the defendant violated the victim's civil rights. Therefore, the defendant's motion should be denied as moot.

WHEREFORE, the United States respectfully requests that this Court deny each of the defendant's motions in limine.

          Respectfully submitted,

          JEFFREY B. JENSEN
          United States Attorney

          */s/ Reginald L. Harris*
          REGINALD L. HARRIS, #48939MO
          JENNIFER A. WINFIELD, #53350MO
          Assistant United States Attorneys
          111 S. 10th Street, Room 20.333
          St. Louis, Missouri 63102
          (314) 539-2200

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 2, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

          */s/ Reginald L. Harris*
          REGINALD L. HARRIS, #48939MO
          Assistant United States Attorney